1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                    No. 2:13-cr-0269-KJM

12                    Plaintiff,

13           v.

14    LIDA AMIN, and NABIL MOHAMMAD
      AMIN,
15
                      Defendants.
16

17    _____              No. 2:15-cr-0235-TLN

18    UNITED STATES OF AMERICA,

19                    Plaintiff,                    RELATED CASE ORDER

20           v.

21    DUMITRU MARTIN, ANAMARIA
      CRUCERU, CONSTANTIN SCHILLER,
22    and MARCELLE BANAGA,

23                    Defendants.

24

25

26

27    /////

28    /////

                                          1

1        Just as the court abhors judge-shopping, so does it abhor reverse judge-shopping.

2  That said, careful examination of the above-captioned actions reveals they are not related within

3  the meaning of Local Rule 123(a).  That Rule provides, in pertinent part:

> An action is related to another . . . when
>
> (1) both actions involve the same parties and are based on the same or a similar claim;
>
> (2) both actions involve the same property, transaction, or event;
>
> (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or
>
> (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

While defendant Dumitru Martin focuses substantially on the felony sentencing hearing in case no. 13-cr-269 (the 2013 case), ECF No. 115 at 2–3, and the government focuses on the recent detention hearing in case no. 15-cr-235 (the 2015 case), ECF No. 114 at 1–4, whether or not two actions are related depends on the claims – or more properly here, the charges, the parties, the facts and the questions of law raised in the cases.  Martin argues the matters are related because both cases involve the same person, the "contracting officer," identified as JSR in this court's 2013 case, and as CHS-13 in the 2015 case.  ECF No. 115 at 2; *see also* ECF No. 118 at 2. Simply because the same individual plays a role in two separate actions does not support relation.

        In the 2013 case, Lida Amin and Nabil Amin each were indicted on one count of conspiracy to bribe a public official, JSR, under 18 U.S.C. § 371.  *See generally* ECF No. 1. While working in Afghanistan from about September 2007 to about February 2008, and later in June 2012, JSR awarded contracts to Lida Amin and other Amin family members in exchange for bribes.  *Id.* at 2.  JSR and Lida Amin met in Budapest, Hungary to discuss the details of the conspiracy.  *Id.* at 3.  And in furtherance of the conspiracy, Lida Amin established companies and bank accounts in Afghanistan in the names of third parties, and shipped contract goods to Travis Air Force Base.  *Id.* at 5.  Lida Amin pled guilty to a felony on June 4, 2014; Nabil Amin pled to

1   a misdemeanor count on a later date.  ECF No. 114 at 5 n.3.  The case is now closed.  JSR is

2   charged in a separate out-of-district case, facing charges in the Northern District of Texas in

3   connection with his having accepted bribes as a contracting official.

4          In the 2015 case, defendants, including Martin, were charged with violating

5   18 U.S.C. § 201, bribery of a public official.  *See generally* No. 15-235, ECF No. 1.  In

6   developing the case, the FBI made use of three Confidential Human Sources (CHS), one of whom

7   was JSR, identified in the 2015 case as CHS-13.  *Id.* at 3.  Travis Air Force Base also assisted in

8   the investigation.  *Id.* at 1–2.  At this point, given the charges brought against him in Texas,

9   JSR/CHS-13 was working for the FBI while pending sentence for having accepted the bribes as a

10   contracting official that formed the basis of the Amin convictions in the 2013 case.  In other

11   words, JSR/CHS-13 was likely highly motivated during the investigation leading to the Martin

12   indictment to reduce his sentencing exposure and, in so many words, save his own skin.  With

13   this motivation, under the direction of the FBI, JSR/CHS-13 met with Martin on several

14   occasions regarding contracts to be executed on the Mihail Kogalniceanu Air Base located in

15   Romania.  *Id.* at 1–10.

16          Although JSR was a potential witness in *Amin* as he is now in *Martin*, ECF

17   No. 118 at 2, and though defendants in both cases were or are charged with bribery of a public

18   official or conspiracy to do so, the facts surrounding the charges in the two cases are

19   distinguishable.  The defendants in the two cases are different and unrelated.  The two actions

20   involve contracts with different air bases and different products, and Martin involves participants

21   other than JSR/CHS-13.  Although both cases involve the alleged use of GMX webmail to

22   communicate in order to prevent leaving a record, this fact alone, or in combination with JSR's

23   role, is not sufficient to relate cases.

24          The fact that JSR/CHS-13 is now a convicted felon and motivated to help the

25   government is a matter of public record, and a fact Martin can use in his defense of the 2015 case

26   and at sentencing if he is convicted or pleads guilty.  Relating of the cases is not required for

27   Martin to rely on the record in the 2013 case, or the JSR/CHS-13 case in Texas.

28   /////

1     Martin also argues the government was at least required to file a notice of related

2   cases.  The Local Rule provides that:

3          Counsel who has reasons to believe that an action on file or about to
           be filed may be related to another action on file (whether or not
4          dismissed or otherwise terminated) shall promptly file in each
           action and serve on all parties in each action a Notice of Related
5          Cases.

6   Local Rule 123(b).  While the court finds the cases are not related, given the rule's use of the

7   words "may be related" and "shall," the government might have eliminated any argument

8   regarding reverse judge-shopping by filing a notice while at the same time indicating its position

9   that the cases are not and should not be related.

10     The case of *United States v. Martin*, No. 2:15-cr-0235-TLN, is not related to the

11   case of *United States v. Amin*, No. 2:13-cr-0269-KJM, within the meaning of Local Rule 123(a),

12   and will not be reassigned.

13     IT IS SO ORDERED.

14   DATED:  April 4, 2016.

15

16   _____
     UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

4