UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-cr-0235 TLN |
| Plaintiff, | |
| v. | ORDER |
| DUMITRU MARTIN, | |
| Defendant. | |

Defendant's renewed motion for discovery, ECF No. 118, was heard before the undersigned on August 10, 2016. John Balazs appeared with and on behalf of the defendant, and Assistant U.S. Attorney Todd Pickles appeared on behalf of the government. Having considered the submissions of the parties (ECF Nos. 61, 68, 70 and 118) and the arguments made at hearing, the court denies the motion because it appears that all existing discoverable material – including significant amounts of discovery sought by this motion – has been produced.

### HENTHORN MATERIAL

Defendant seeks disclosure of impeachment information from the personnel files of testifying agents, pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). Henthorn requires the government, upon defense request, to review the personnel files of a testifying federal agent and produce any information which may impeach the credibility of the agent. Id. At hearing, the prosecutor stated that he had requested file reviews regarding the testifying

1

1  agents, that <u>Henthorn</u> reviews were conducted by attorneys within the pertinent law enforcement

2  agencies, and that no potential impeachment material was identified.  The defense is not satisfied

3  by the prosecution's affirmative representation that no responsive materials exist, and argues that

4  <u>Henthorn</u> requires the trial prosecutor to personally conduct <u>Henthorn</u> review rather than

5  delegating it to the agencies.  No authority has been provided for this proposition.

6        The Ninth Circuit held in <u>United States v. Jennings</u>, 960 F.2d 1488 (9th Cir. 1992), that an

7  AUSA may not be ordered to conduct <u>Henthorn</u> review personally.  <u>Id.</u> at 1491.  Rather, the court

8  approved the Department of Justice's proposed policy for the appropriate agency to examine its

9  personnel files and notify the AUSA of any potential impeachment material, as long as the AUSA

10  makes the determination whether such material should be disclosed.  <u>Id.</u> at 1492 & n.3.  This

11  remains the law of the Circuit.  See <u>United States v. Herring</u>, 83 F.3d 1120, 1122-23 (9th Cir.

12  1996) (holding that <u>Jennings</u> rule survives <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995)); see also

13  <u>United States v. Booth</u>, 2011 U.S. Dist. LEXIS 142205 at *9 (D. Nev. 2011).

14        The government having satisfied its <u>Henthorn</u> obligations in this case, the request for

15  further review will be denied.  The government, of course, remains under a continuing obligation

16  to disclose any and all exculpatory material, including impeachment information, that it may

17  become aware of.

18                                SPECIFIC DISCOVERY REQUESTS

19        Rule 16 of the Federal Rules of Criminal Procedure provides in relevant part that, upon

20  defense request, the government must produce to the defense any documents and objects that are

21  within the government's possession, custody, or control and (1) are material to defense

22  preparation, or (2) are intended for use in the government's case in chief.  Defendant Martin made

23  numerous specific discovery requests, several of which remained in dispute at the time of the

24  hearing.

25    1.  <u>Prior Contracts</u>

26        Defendant seeks evidence regarding any other contracts, negotiations, or bids for other

27  contracts involving the Mihail Kogalniceanu Romanian military base by Polaris M. Holdings, its

28  owners or employees, or Dumitru Martin, prior to the time period covered in this case.  Prior

business dealings, or exploration of potential business dealings, between Polaris and the base could well be material to the defense regarding intent.  However, the prosecutor affirmatively represented at hearing that the FBI does not have information related to any attempted Polaris bids made or attempted prior to the events at issue.  There is accordingly no additional discovery that can be ordered.

### 2. Government's Initial Investigation

Defendant seeks any discovery not yet provided regarding the July 2014 start of the investigation.  The government has represented that all such discovery has be provided.  This request is accordingly moot.

### 3. Romanian Corruption Investigation and Prosecution

Defendant seeks information and materials regarding Romanian authorities' investigation of Polaris.  The prosecutor affirmatively represented at hearing that the FBI has no responsive documents in its possession that have not previously been produced.  Accordingly, there is no discovery that can be ordered.

### 4. Communications Among Defendants And/Or Other Polaris Employees

The government has represented that all responsive documents have been produced.  This request is therefore moot.

### 5. Information Regarding Informant Cezar Marin

Defendant believes that an individual named Cezar Marin served as an informant, and seeks (1) confirmation that he was in fact an informant, (2) any Brady or Giglio material, and (3) all reports regarding his involvement in the case.  The government does not intend to call Cezar Marin as a witness.  Defendant contends that the requested material is nonetheless discoverable because it is material to an entrapment defense.  The (very sparse) information proffered by the defense as a factual predicate for its entrapment theory focuses on Cezar Marin's interaction with defendant's brother rather than interaction with defendant.  This is insufficient to support materiality as to entrapment.  Moreover, while defendant's belief that Cezar Marin was an informant is not an unreasonable suspicion, defendant has not established that it is more than a suspicion.  Accordingly, the government has no obligation to produce the requested information.

1       If prior to trial the government identifies or comes into possession of any information
2   indicating that Cezar Marin was involved in attempting to lure defendant into criminal conduct
3   while acting as an informant, such information must be disclosed pursuant to the government's
4   ongoing Brady obligations.
5       6. Information Regarding Recording Equipment Malfunction
6       Defendant seeks information regarding the circumstances under which recording
7   equipment malfunctioned, resulting in the failure to record a conversation between an informant
8   and Mr. Martin.  The government had previously stated that there are reports regarding the
9   malfunction.  Defendant continued to seek any information that might indicate a deliberate failure
10  to record by the informant.  Mr. Pickles specifically represented at the hearing that the
11  government is aware of no information that would indicate a deliberate failure to record.  There is
12  therefore no responsive discovery to be ordered.
13      7. Information Regarding Related Government Investigations Referenced in Discovery
14      Discovery provided to the defense referenced three other FBI investigations apparently
15  involving defendant and other members of his family.  Defendant seeks, in the broadest terms,
16  discovery of those investigations.  The government maintains that any and all information that
17  relates to the instant case has been produced, and confirmed understanding of Brady's command
18  that all information with exculpatory or impeachment value as to the instant case – even if
19  generated by or discovered in the course of another investigation – be disclosed.  Defendant has
20  not met its burden as the moving party of demonstrating that anything more is needed.
21  ////
22  ////
23  ////
24  ////
25  ////
26  ////
27  ////
28  ////

4

CONCLUSION

Defendant's long-pending discovery motion has, over time, resulted in the production of much of the discovery requested. For the reasons explained above, the court finds that all discoverable material within the government's possession, custody, or control has been produced. Accordingly, insofar as it seeks further production, defendant's motion is DENIED.

IT IS SO ORDERED.

DATED: August 11, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE