UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DUMITRU MARTIN,<br><br>    Defendant. | No.  2:15-cr-00235-TLN<br><br><br>**ORDER** |

    The Court is in receipt of Defendant Dumitru Martin's request to seal documents pursuant to Local Rule 141, submitted on December 19, 2016[1]. Defendant has indicated that he has filed this request to seal after having received a request from the Government pursuant to paragraph 10 of the Stipulation and Protective Order (the "Protective Order") (ECF No 117.)  The Government separately filed "Government Request Pursuant to Sealing Order [sic] Dated August 2, 2016 for the Defense to File Motions Under Seal" on December 2, 2016.  (ECF No. 225.)  In relevant part, paragraph 10 of the Protective Order provides that "[i]f any party intends to file on the public docket any of the items contained in discovery [covered by the Protective Order], that party shall notify all other parties in advance to permit the *other parties* the opportunity to determine whether

---

[1] The Court issued a Minute Order on December 13, 2016 (ECF No. 228) informing the parties that neither party had made the necessary filings pursuant Local Rule 141(b) to seal the documents at issue.  The parties were instructed to "file the appropriate documents in compliance with Local Rule 141 within 14 days" if they still wished to have these documents sealed.  (ECF No. 228.)

1

*they will request* the documents to be filed under seal." (ECF No. 117 at ¶ 10 (emphasis added).)

As the parties clearly desire these documents to be sealed, they are instructed to file a request to seal, along with the appropriate documents, in compliance with Local Rule 141(b) within 14 days of this Order. As such, the request should include the statutory or other authority for sealing; the requested duration; the identity, by name or category, of persons to be permitted access to the documents; and if applicable, the basis for excluding any party from service. The documents for which sealing is requested should be paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages should be stated in the request.

As this is the second failed attempt to comply with Local Rule 141, the Court further notes that Local Rule 141(a) provides that "[d]ocuments may be sealed only by written order of the Court, *upon the showing required by applicable law*." L.R. 141(a) (emphasis added). The Ninth Circuit has made clear that an order denying access to documents filed in a criminal proceeding "must satisfy both the procedural and substantive requirements of the first amendment." *Oregonian Pub. Co. v. U.S. Dist. Court for the Dist. of Oregon*, 920 F.2d 1462, 1466 (9th Cir. 1990). The Ninth Circuit has set forth "a two-part test to determine whether the procedural prerequisites" have been satisfied. *Id.* If this test is satisfied, Ninth Circuit and Supreme Court precedent make clear that the first amendment requires that three substantive requirements are also satisfied. *See id.*; *In re Copley Press, Inc.*, 518 F.3d 1022, 1028 (9th Cir. 2008).

IT IS SO ORDERED.

Dated: December 21, 2016

Troy L. Nunley
United States District Judge