UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUMITRU MARTIN,<br><br>Defendant. | No. 2:15-cr-00235-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Dumitru Martin's ("Defendant") Motion for Compassionate Release. (ECF No. 402.) The Government filed an opposition. (ECF No. 411.) Defendant filed a reply. (ECF No. 415.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2016, a jury found Defendant guilty of conspiracy to commit bribery in violation of 18 U.S.C. 371 (Count One) and bribery of a public official in violation of 18 U.S.C. § 201 (Count Two). On April 6, 2017, the Court sentenced Defendant to a 156-month term of imprisonment to be followed by 36 months of supervised release. (ECF No. 275.) Defendant is currently serving his sentence at Federal Correctional Institution ("FCI") La Tuna. He has served approximately 60 months of his 156-month sentence and his projected release date with good conduct time is December 28, 2026.

On November 13, 2020, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 402.) Defendant requests the Court reduce his sentence to time served due to the COVID-19 pandemic. (*Id.* at 1.) Defendant is 60 years old and claims he is particularly vulnerable to COVID-19 due to his various medical conditions and the current conditions of his confinement. (*Id.* at 2.) In opposition, the Government argues the Court should deny Defendant's motion because there are not extraordinary and compelling reasons for his release, he poses a continuing danger to the community, and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence. (*See generally* ECF No. 411.)

## II.     ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement for his compassionate release request as it relates to his medical conditions. Defendant made a request to the warden on April 28, 2020. (ECF No. 411-1 at 8.) Because more

2

than 30 days have elapsed since April 28, 2020, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n.1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant claims he is particularly vulnerable to COVID-19 because he suffers from multiple medical conditions, including hypertension and severe cardiovascular disease. (ECF No. 402 at 2.) Defendant's medical records — filed under seal — confirm that he suffers from these medical conditions. More specifically, Defendant has had two heart attacks, multiple stents inserted into his coronary arteries, and has a history of coronary artery disease. The Centers for Disease Control and Prevention ("CDC") has identified heart disease as a high-risk factor for COVID-19 complications. *See* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited December 14, 2020). The Government argues that Defendant is at a lower risk because he recently contracted and recovered from COVID-19. (ECF No. 411 at 22.) While it is encouraging that Defendant recovered from COVID-19, his medical records indicate he suffered complications and had to be transported to an outside hospital. It is possible Defendant could be re-infected and suffer even

///

more severe symptoms in the future.  Moreover, the BOP currently reports 116 active inmate cases of COVID-19 at FCI La Tuna.

Assuming without deciding that Defendant satisfies the "extraordinary and compelling" requirement based on his medical conditions, the Court nonetheless denies Defendant's request based on the § 3553(a) factors.

The Court must consider the § 3553(a) factors before granting compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  At sentencing, the Court calculated Defendant's guidelines range to be 188 to 235 months of imprisonment.  The Court ultimately sentenced Defendant to a below-guidelines sentence of 156 months' imprisonment, largely because of Defendant's history of heart disease.  (*See* ECF No. 283 at 40–41.)

Defendant now seeks to reduce his sentence to time served despite having served only approximately 60 months of his sentence.  In other words, Defendant is seeking a reduction from a well-supported, below-guidelines, 156-month sentence to a drastically lower 60-month sentence.  Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction.  Defendant argues the "overriding factor under §3553(a) that was not present at the time of sentencing is the COVID-19 pandemic and the serious risk it presents." (ECF No. 402 at 18.)  Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears FCI La Tuna has thus far been capable of adequately addressing Defendant's medical needs.  Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 156-month sentence.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 402.)

IT IS SO ORDERED.

DATED: December 17, 2020

Troy L. Nunley
United States District Judge