UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUMITRU MARTIN,<br><br>Defendant. | No. 2:15-cr-00235-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Dumitru Martin's ("Defendant") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c). (ECF No. 469.) The Government filed an opposition. (ECF No. 470.) Defendant filed a reply. (ECF No. 471.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2016, a jury found Defendant guilty of conspiracy to commit bribery in violation of 18 U.S.C. § 371 (Count One) and bribery of a public official in violation of 18 U.S.C. § 201 (Count Two).  (ECF Nos. 156, 172.)  On April 6, 2017, the Court sentenced Defendant to a 156-month term of imprisonment, to be followed by 36 months of supervised release.  (ECF No. 275.)  Defendant is currently serving his sentence at FCI Terminal Island.  (ECF No. 470-1.)  Defendant has served approximately 101 months of his 156-month sentence, and his projected release date with good conduct time is December 28, 2025.  (*Id.*)  Defendant filed the instant motion for sentence reduction under 18 U.S.C. § 3582(c)(2) on March 4, 2024.  (ECF No. 469.)

## II. STANDARD OF LAW

18 U.S.C. § 3582(c)(2) ("§ 3582(c)(2)") provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Court follows a two-step approach in determining whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2).  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowers Defendant's guidelines range.  *Id.*  Second, the Court must consider any applicable factors set forth in 18 U.S.C. § 3553(a) and determine whether, in its discretion, the reduction is warranted in whole or in part under the circumstances of the case.  *Id.*

## III. ANALYSIS

Defendant argues he is entitled to a "zero-point offender" reduction pursuant to Amendment 821, effective November 2023.  (ECF No. 469 at 3.)  In Part B Subpart 1 of Amendment 821, which applies retroactively, the Sentencing Commission added a "zero-point offender" provision in U.S.S.G. § 4C1.1(a) ("§ 4C1.1(a)").  Section 4C1.1(a) provides a two-level reduction in offense level for certain offenders who meet ten enumerated criteria.

///

Defendant argues he meets all the criteria set forth in § 4C1.1(a).  (*Id.*)  In opposition, the Government contends Defendant does not meet the tenth criterion, § 4C1.1(a)(10), which requires that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848."  (ECF No. 470 at 8.)  Specifically, the Government points out that Defendant received a four-level adjustment under § 3B1.1 for his leadership role in the offense.  (*Id.*)

Defendant argues the "and" in § 4C1.1(a)(10) makes clear that a person must have *both* received an adjustment under § 3B1.1 *and* engaged in a continuing criminal enterprise to be disqualified from the "zero-point offender" reduction.  (ECF No. 469 at 4–5 (citing *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021).)  Defendant does not dispute that he received an adjustment under § 3B1.1 but argues he still meets the tenth criterion because he was not engaged in a continuing criminal enterprise.  (*Id.*)  Defendant also argues to the extent § 4C1.1(a)(10) is ambiguous, the rule of lenity requires the provision to be interpreted in his favor.  (*Id.* at 7.)

Defendant fails to persuade the Court he is entitled to a "zero-point offender" reduction.  Defendant's motion primarily relies on reasoning from *Lopez*, which, as he concedes in his reply, has now been abrogated by the Supreme Court in *Pulsifer*.  (ECF No. 471 at 2–3); *see Pulsifer v. United States*, 144 S. Ct. 718, 723 (2024) (finding the requirement in 18 U.S.C. § 3553(f)(1) applicable to the safety-valve provision that a defendant "'does not have A, B, and C' creates a checklist with three distinct conditions," not "a single amalgamated condition for relief").  In his reply, Defendant vaguely argues "the word 'and' in the safety-valve statute at issue in *Pulfiser* is set in an entirely different context than the way 'and' is used in § 4C1.1(a)(10)."  (ECF No. 471 at 2.)  However, Defendant fails to develop this argument in any meaningful way, and it seems to contradict his pre-*Pulfiser* argument that *Lopez* controls the instant case.  (ECF No. 469 at 5, 7 (arguing that *Lopez* involved "the safety-valve provision in 18 U.S.C. § 3553(f)(1), which uses 'and' in exactly the same way the Commission has used the word here").)

Moreover, district courts across the country have unanimously rejected the same argument Defendant raises.  *See, e.g.*, *United States v. Arroyo-Mata*, No. 09-13, 2024 WL 1367796, at *2–4 & n.6 (N.D. Ga. Apr. 1, 2024) (collecting 24 cases).  The Court agrees with those well-reasoned

decisions and concludes § 4C1.1(a) unambiguously requires a defendant to meet all criteria listed in that section, including the tenth criterion, which precludes eligibility if the defendant received an adjustment under § 3B1.1.  *See id.* at *3 ("Because both receiving an adjustment under U.S.S.G. § 3B1.1 and engaging in a continuing criminal enterprise are listed criteria, the presence of either destroys the capability to receive relief under Amendment 821."); *see also United States v. Owusu*, No. 3:18-cr-77-TKW, 2023 WL 9328368, at *1 (N.D. Fla. Nov. 21, 2023) ("[A]s a matter of logic, if a zero-point offender is only eligible for a 2-level decrease when both A and B are false, then it necessarily follows that he is not eligible if either A or B is true.").

Lastly, because the Court concludes § 4C1.1(a)(10) is unambiguous, the rule of lenity does not apply.  *See United States v. D.M.*, 869 F.3d 1133, 1144 (9th Cir. 2017) ("[T]he rule [of lenity] only applies where there is grievous ambiguity or uncertainty in the guidelines"); *see also Pulsifer*, 144 S. Ct. at 737 (declining to apply the rule of lenity after finding the relevant statutory language to be unambiguous).

**IV.    CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c).  (ECF No. 469.)

IT IS SO ORDERED.

Date: May 15, 2024

_____
Troy L. Nunley
United States District Judge

4