UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUMITRU MARTIN,<br><br>Defendant. | No. 2:15-cr-00235-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Dumitru Martin's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A).  (ECF No. 475.)  The Government has filed an opposition.  (ECF No. 482.)  Defendant has filed a reply.  (ECF No. 486.)  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On August 31, 2016, a jury found Defendant guilty of conspiracy to commit bribery in violation of 18 U.S.C. § 371 (Count One) and bribery of a public official in violation of 18 U.S.C. § 201 (Count Two). (ECF Nos. 156, 172.) On April 6, 2017, the Court sentenced Defendant to a 156-month term of imprisonment, to be followed by 36 months of supervised release. (ECF No. 275.) On June 26, 2024, Defendant was released to home confinement under the First Step Act to serve the remainder of his sentence. (ECF No. 475 at 2.)

On February 20, 2025, Defendant filed the instant motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See id.*) Defendant requests the Court reduce his term of imprisonment to time served due to Defendant's serious medical issues, the Bureau of Prison's ("BOP") new policy of reincarcerating persons who are serving the final portion of their sentence of home confinement under the First Step Act because they have unresolved U.S. Customs and Immigration Enforcement ("ICE") detainers, and extraordinary rehabilitation. (*Id.* at 6–11.)

**II.    ANALYSIS**

   A.    Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

Defendant contends he submitted an administrative request for a sentence reduction in conjunction with a prior motion for sentence reduction, which was denied in 2020, and submitted another request on June 14, 2021 for a sentence reduction based on his medical conditions, rehabilitation, and other factors to the warden. (ECF No. 475 at 5 (citing ECF Nos. 402-3, 440-1).) Defendant states he did not receive a response and more than 30 days have passed, and thus

2

he has satisfied the exhaustion requirement.  (*Id.*)  In opposition, the Government makes several arguments as to why Defendant has not administratively exhausted this claim, but notes that notwithstanding these arguments, it will not invoke failure to exhaust in this case.  (ECF No. 482 at 8–9.)

Administrative exhaustion is mandatory when properly raised by the Government.  *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).  Here, however, the Government declines to raise administrative exhaustion.  The Court therefore declines to make a determination as to whether Defendant properly exhausted his administrative remedies.  However, the Court nevertheless finds the pending motion fails due to Defendant's failure to demonstrate "extraordinary and compelling circumstances" for his release.

B.   <u>Extraordinary and Compelling Reasons</u>

Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  *Id*.  Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement.  U.S.S.G. § 1B1.13, cmt. n. 1(A).  More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *Id.*

3

Defendant argues his serious medical issues, the new BOP policy, and his extraordinary rehabilitation establish "extraordinary and compelling" reasons for his release. (ECF No. 475 at 6–11.) The Court will consider each of these arguments in turn.

*i.     Serious Medical Issues*

Defendant argues "extraordinary and compelling" reasons exist to reduce his sentence under U.S.S.G. § 1B1.13(b)(1)(C), as he has had serious medical issues, such as painful coronary heart disease, bi-coronary lesions, and stenting, since his sentencing in 2017 and prison records since then describe his medical care as "unstable, complex chronic care." (ECF No. 475 at 7 (citing ECF No. 475-1 at 6).) Defendant further argues his medical records note: he has required substantial additional medical care; he also suffers from high blood pressure, high cholesterol, vertigo, back pain, and arthritis; and he is recovering from surgery on his right foot in August 2024. (*Id.*) Defendant concedes his medical conditions were well taken-care of on home confinement, but he asserts they are expected to regress in reincarceration. (*Id.*)

In opposition, the Government contends Defendant fails to make a showing under U.S.S.G. § 1B1.13(b)(1)(C). (ECF No. 482 at 11.) The Government asserts Defendant's argument that his medical conditions "are expected to regress" while he is incarcerated at Sacramento County Jail is based on "pure speculation and falls short of the heavy burden he carries to demonstrate an extraordinary or compelling reason for a sentence reduction." (*Id.*) The Government notes Defendant does not provide medical records to show the current status of his medical conditions or treatment, as the most recent records are from June 3, 2024, while Defendant was in home confinement. (*Id.* at 12.) The Government argues BOP records show that even though Defendant has chronic conditions, the BOP can adequately care for him and has consistently done so in a custodial setting. (*Id.*) The Government notes that BOP's classification of Defendant's condition in May 2021 as "unstable, [requiring] chronic complex care," shows that the BOP is considering his medical needs and providing appropriate care. (*Id.* at 13.) Moreover, the Government notes since the classification was made, both a BOP warden and this Court have found the BOP has provided him with adequate care. (*Id.* (citing ECF No. 423 at 4; ECF No. 482-1 at 6–8).)

4

1       U.S. Sentencing Guidelines § 1B1.13(b)(1)(C) establishes that extraordinary and
compelling reasons exist for release based on medical circumstances of the defendant where
"[t]he defendant is suffering from a medical condition that requires long-term or specialized
medical care that is not being provided and without which the defendant is at risk of serious
deterioration in health or death."

Here, the Court finds the Government's arguments persuasive. Defendant's argument that his conditions are expected to regress during reincarceration is indeed pure speculation. Further, the Government is correct that Defendant does not identify any long-term or specialized medical care that is necessary but not being provided by the BOP that places him at risk of serious deterioration to his health or death, nor does he provide evidence to support this claim. (ECF No. 482 at 11–12.) Finally, to the extent Defendant argues the BOP did not provide him with a foot surgery needed to relieve a painful condition (ECF No. 486 at 5), Defendant has had the surgery upon release to home confinement and he does not assert the BOP otherwise has not provided adequate care for his many medical conditions. Accordingly, the Court finds Defendant does not satisfy the "extraordinary and compelling" requirement based on his medical conditions.

### ii.    New BOP Policy

Defendant argues the BOP's policy change of reincarcerating persons with unresolved ICE detainers in pre-release home confinement violates 18 U.S.C. § 3632(d)(4)(A) and the due process clause. (ECF No. 475 at 8–11.) In opposition, the Government contends his challenge to the place of confinement is not properly raised on a motion for compassionate release, but rather in a civil action or habeas petition under 28 U.S.C. § 2241 ("§ 2241"). (ECF No. 482 at 10.) The Government notes that Defendant recognizes this, as he has filed a petition pursuant to § 2241 raising the same general challenge to his place of confinement as he does in the instant motion. (*Id.* at 11.) The Government further notes Defendant has also filed a motion for a temporary restraining order ("TRO") requesting the BOP be required to transfer him back to home confinement pending final disposition of his habeas petition. (*Id.*)

Federal courts have jurisdiction under habeas petitions alleging "that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its

1  statutory authority[.]'"  *Close v. Thomas*, 653 F.3d 970, 974 (9th Cir. 2011) (citing *Reeb v.*

2  *Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011)).

3        Here, the Court agrees with the Government that the issue should be addressed in a habeas

4  action.  Defendant has already filed a habeas action in this district, and, on March 7, 2025, U.S.

5  District Judge Daniel J. Calabretta granted Defendant's motion for TRO requesting he be

6  transferred back to home confinement pending final disposition of his habeas petition.  (*See* No.

7  2:25-cv-000687-DJC-AC, ECF Nos. 1, 14.)  Defendant further fails to persuade the Court the

8  change in BOP policy constitutes extraordinary and compelling reasons for release.  Accordingly,

9  Defendant's arguments are inappropriate to raise on a motion for compassionate release and the

10 Court declines to consider them in the instant motion.

11                        *iii.*      *Extraordinary Rehabilitation*

12       Defendant argues his good conduct in prison and the last eight months on home

13 confinement demonstrate extraordinary rehabilitation.  (ECF No. 475 at 11.)  Defendant contends

14 that while in prison, he successfully completed numerous classes, had no disciplinary history, and

15 paid his entire $200,000 fine plus the $200 special assessment.  (*Id.*)  Defendant further contends

16 that while on home confinement, he has done well in dealing with his medical issues and

17 complying with all the pre-release custody conditions without a violation.  (*Id.*)

18       In opposition, the Government asserts rehabilitation is not an extraordinary and

19 compelling reason to warrant early release, and Defendant has done what was expected of him.

20 (ECF No. 482 at 13–14.)  The Government maintains Defendant does not present any other

21 extraordinary and compelling circumstances to warrant consideration of a sentence reduction.

22 (*Id.* at 14.)

23       28 U.S.C. § 994(t) provides that "[r]ehabilitation of the defendant alone shall not be

24 considered an extraordinary and compelling reason" for a sentence reduction.  Courts have even

25 found that behaving like a "model inmate" is not convincing to "warrant[] an abrupt departure

26 from [a defendant's] current sentence."  *United States v. Applewhite*, No. 6:08-cr-60037-MC, No.

27 6:92-cr-00330-MC-1, at *2 (D. Ore. Jan. 13, 2020).

28 ///

6

Here, while Defendant's rehabilitation efforts are laudable, Defendant nevertheless fails to persuade the Court that his behavior and circumstances detailed in the instant motion establish "extraordinary rehabilitation." Accordingly, the Court finds Defendant does not satisfy the "extraordinary and compelling" requirement based on rehabilitation.

Based on the foregoing, the Court concludes Defendant does not satisfy the "extraordinary and compelling" requirement for his release.

### C.  Section 3553(a) Factors

The Court must also consider the 18 U.S.C. § 3553(a) factors before granting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendant argues the purposes of sentencing does not require he serve an additional ten months in custody before being deported to Romania, and he seeks to go back and live in Romania upon completion of his sentence. (ECF No. 475 at 11–12.) Defendant asserts granting time served would best serve the Department of Justice's policy of seeking to deport all immigrants found guilty of removable offenses. (*Id.* at 12.) Defendant notes he is 64 years old with no criminal history and his codefendants all received substantially lower sentences such that a sentence reduction would not interfere with proportionality in sentencing. (*Id.*) Defendant also reiterates the points made earlier in his brief — namely that he has made rehabilitation efforts and has serious health conditions. (*Id.*)

In opposition, the Government maintains the § 3553(a) factors support the current sentence, as his criminal conduct (an 18-month, international effort to bribe a U.S. Air Force official to secure a multi-million-dollar contract for a company he owned) was serious and requires just punishment. (ECF No. 482 at 14.) The Government contends that during the course of the crime, Defendant made a conscious effort to conceal his activities and the activities of his co-conspirators, indicating this was not his first foray into criminal activity despite the lack of prior criminal convictions. (*Id.* at 14–15.) The Government further contends Defendant "practically gave a seminar on how to conduct bribery" and he lied to the pretrial services officer in several ways. (*Id.* at 15.) Finally, the Government argues Defendant already received a 32-month downward variance from 188 months to 156 months largely because of his history of heart

1  disease, and a further reduction would give him too much leniency compared to similarly situated
2  defendants. (*Id.*)
3        The Court finds the Government's arguments persuasive. Defendant already received a
4  downward variance at sentencing and any further reduction would be too lenient compared to
5  sentences given to similarly situated defendants, especially in light of the nature and
6  circumstances of the offense and Defendant's role in the offense. Defendant further fails to
7  provide any authority to support his assertion that his punishment should be reduced because he
8  will be deported to Romania. Further, although the § 3553(a) factors specifically include the need
9  to provide Defendant with medical care in the most effective manner, Defendant has not
10 established that the BOP has thus far been incapable of adequately addressing his medical needs.
11 Accordingly, the Court finds the factors under § 3553(a) do not support a sentence reduction of
12 time served.
13       **III. CONCLUSION**
14       For the foregoing reasons, the Court hereby DENIES Defendant's Motion for
15 Compassionate Release. (ECF No. 475.)
16       IT IS SO ORDERED.
17 Date: March 10, 2025
18                                TROY L. NUNLEY
19                                CHIEF UNITED STATES DISTRICT JUDGE